**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DARIN BOETTCHER,**

        **Plaintiff,**        **CIVIL ACTION NO. 13-cv-13125**

    **vs.**

                             **DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**COMMISSIONER OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Darin Boettcher seeks judicial review of Defendant the Commissioner of Society Security's determination that he is not entitled to social security benefits for his physical impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 8) and Defendant's Motion for Summary Judgment (docket no. 9). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern district of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.    RECOMMENDATION:**

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 8) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 9) be GRANTED.

**II.    PROCEDURAL HISTORY:**

Plaintiff filed an application for Disability Insurance Benefits with a protective filing date of September 30, 2010, alleging that he had been disabled since January 17, 2009, due to back pain. (*See* TR 15.) The Social Security Administration denied benefits, and Plaintiff requested a *de novo* hearing, which was held on October 28, 2011, before Administrative Law Judge (ALJ) Gregory Holiday, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 15-23.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

### III. PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND VOCATIONAL EXPERT'S TESTIMONY

#### A. Plaintiff's Testimony and the Medical Evidence of Record

In his brief, Plaintiff sets forth a short procedural history of this matter and discusses the ALJ's basis for denying his benefits. (Docket no. 8 at 5.) Notably, Plaintiff's brief fails to contain a single reference to the medical record. (*See* docket no. 8.) Further, Plaintiff's discussion of his testimony is limited to the following:

> The claimant testified at the hearing that he was not able to stand for longer than a few hours due to back pain and leg numbness. (Tr. 43) If he stands for too long he breaks into a sweat and starts to shake. (Tr. 43) He also gets shooting pain from his back to his feet. (Tr. 50) If he doesn't take a break immediately when this happens, then he's at risk of his leg going out from underneath him. (Tr. 50, 51) Additionally, he also has weakness in his upper extremity from the surgeries. (Tr.48) This pain has been unrelenting.
>
> Aside from the above limitations, his sleep is interrupted on a nightly basis. (Tr. 52)

(Docket no. 8 at 9.) Defendant sets forth Plaintiff's medical record and testimony in a manner that is substantially similar to the ALJ's discussion of the same. (Compare docket no. 9 at 6-9, *with* TR 19-21.) The undersigned has reviewed the hearing transcript and Plaintiff's medical record, but for

2

the reasons discussed *infra*, it is unnecessary to summarize them herein. Therefore, Plaintiff's medical record and testimony as set forth in the ALJ's decision (TR 19-21) and Plaintiff's brief (Docket no. 8 at 9) are adopted; the undersigned will incorporate comments and citations as necessary throughout this Report and Recommendation.

### C. Vocational Expert's Testimony

After asking the VE to discuss Plaintiff's past work experience, the ALJ asked the VE to consider a hypothetical individual with the same age, education, and work experience as Plaintiff. (TR 53-54.) He told the VE to assume that this individual had the following limitations: (1) he was limited to light work with a sit/stand option; (2) he could only operate foot controls occasionally; (3) he could not climb ladders, ropes, or scaffolds; (4) he could climb stairs with railings and ramps occasionally; (5) he could only crawl and stoop occasionally; (6) he had to avoid concentrated exposure to uneven or rough terrain while walking; and (7) he had to avoid exposure to hazards, like dangerous machinery or unprotected heights. (TR 54-55.) The VE testified that such an individual could not perform Plaintiff's past work, but he could perform light, unskilled work as (for example) an Assembler, an Information Clerk, or a General Office Clerk. (TR 55.)

The ALJ then asked the VE to assume that the same individual were further limited in that he could not operate foot controls with his right lower extremity; he could only perform occasional overhead reaching with the right upper extremity; and he could only occasionally crouch, kneel, or balance. (TR 55-56.) The VE testified that these limitations would not change the list of jobs that the individual could perform. (TR 56.) The ALJ then asked the VE to assume that the individual were limited to sedentary work, at which time the VE testified that such an individual could perform work as a Surveillance System Monitor, an Order Clerk, or an Inspector. (TR 56.) Finally, the ALJ asked the VE whether such an individual could perform work in the economy if he also required "an

opportunity to be off task up to four times per work day for up to ten minutes" in additional to regular breaks. (TR 56-57.) The VE testified that such an individual could not work in a competitive work setting. (TR 57.) Plaintiff's representative declined the opportunity to question the VE. (TR 57.)

## IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2014, and that he had not engaged in substantial gainful activity since January 17, 2009. (TR 17.) The ALJ then found that Plaintiff suffered from the following severe impairments: "back disorder status post surgery and re-injury, degenerative disc disease, right leg numbness status post back surgery and obesity." (TR 17.) The ALJ further found that Plaintiff's impairments did not meet or equal one of the listed impairments. (TR 18.)

The ALJ then determined that Plaintiff had the following residual functional capacity:

> [C]laimant has the residual functional capacity to perform sedentary work . . . with the following limitations: the claimant requires a sit/stand option; he can only occasionally push or pull with the left upper extremity; he cannot operate foot controls with the right lower extremity; he cannot climb ladders, ropes or scaffolds; he can only occasionally balance, stoop, crouch, kneel, crawl, perform overhead reaching and handling with the right upper extremity, and climb ramps and stairs with railings; and he must avoid concentrated exposure to uneven/rough terrain and hazards, like dangerous machinery and unprotected heights.

(TR 17-18.) Then, in reliance on the VE's testimony, the ALJ found that Plaintiff could not perform any of his past relevant work, but he could perform a significant number of jobs in the national economy; therefore, he was not disabled from January 17, 2009, through the date of the ALJ's decision. (TR 21-23.)

## V.      LAW AND ANALYSIS

### A.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B.    Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

    (2)       Plaintiff suffered from a severe impairment; and

    (3)       the impairment met or was medically equal to a "listed impairment;" or

    (4)       Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of

the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or remanded under sentence four because "the Commissioner erred as a matter of law in failing to properly evaluate the medical records and opinions of evidence, and thereby, formed an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments." (Docket no. 8 at 6.) In passing, Plaintiff also states that "the [ALJ's] reasoning to support his lack of credibility is not substantiated." (*Id.* at 10.)

To the extent Plaintiff argues that the ALJ erred in the formulation of the hypothetical questions presented to the VE, the ALJ is only required to incorporate in his hypothetical questions those limitations that he finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ's hypothetical questions presented all of the limitations included in Plaintiff's RFC–that is, all of the limitations that the ALJ found credible. The VE testified that there are jobs available for a person with these limitations. Thus, the ALJ's hypothetical questions were not improper, and in substance, Plaintiff's motion asserts that the ALJ erred in determining Plaintiff's RFC when he failed to properly evaluate the medical opinions.

Plaintiff's argument fails as his entire discussion of this matter is limited to several pages of legal standards and a few vague references to his own testimony. (*See* docket no. 8.) Plaintiff does not discuss why he believes the ALJ erred, what medical records or opinions or evidence the ALJ

failed to properly consider,[1] or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE. As the Court addressed in a similar matter wherein Plaintiff's counsel filed an almost identical brief, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for h[er] challenge of the ALJ's assessment of h[er] credibility." *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, *1 (E.D. Mich. Mar. 14, 2014) (Rosen, J.).

As Chief Judge Rosen noted in *Fielder*, this is not the first time the Court has denied a motion filed by Plaintiff's counsel for "reliance on conclusory assertions and absence of developed argument;" indeed, "nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel." *Id.* at *1 n.1 (collecting cases). Moreover, the Court warned Plaintiff's counsel that "this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case" and that failure to do so may result in either sanctions or referral for disciplinary proceedings. *Id.*

The undersigned has carefully examined Plaintiff's counsel's submission and finds it thoroughly deficient and devoid of proper factual substance and legal analysis. Plaintiff's counsel's superficial, cut-and-paste, template approach to fulfilling his professional duty to substantively brief the issues presented for this Court's most serious consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District. The Court acknowledges that

---

[1] Significantly, the ALJ noted that in this matter, other than the opinions of the consultative examiner, Dr. Tofaute, and Plaintiff's treating physician, Dr. Haladjian (both of which the ALJ gave considerable weight), "none of the other physicians in the medical evidence of record provided an opinion." (TR 20-21.)

counsel may reduce costs and improve efficiency by using and inserting previously generated work product, such as any relevant applicable legal standards and specific rules. But Plaintiff's counsel's repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing to this Court compels the waiver of any such arguments. *See Kennedy v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (E.D. Mich. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)). The "'court is under no obligation to scour the record for errors not identified by [the] claimant.'" *Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, *14 (E.D. Mich. Jan 25, 2013) (Grand, M.J.) (quoting *Martinez v. Comm'r of Soc. Sec*., No. 09-13700 (E.D.Mich. Mar. 2, 2011)).

Therefore, Plaintiff's Motion should be denied. Any consideration of an award of sanctions against Plaintiff's counsel in this case would be inappropriate as the instant Motion was filed prior to Chief Judge Rosen's decision in *Fielder*.

## V. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 8) should be DENIED, and Defendant's Motion for Summary Judgment (docket no. 9) should be GRANTED.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 23, 2014         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 23, 2014         s/ Lisa C. Bartlett
                             Case Manager